Singh v. Garland
BIA
Hom, IJ
A205 935 314

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of November, two thousand twenty-two.

PRESENT:
>DEBRA ANN LIVINGSTON,
>>*Chief Judge,*
>WILLIAM J. NARDINI,
>EUNICE C. LEE,
>>*Circuit Judges.*

_____

GURBRINDER SINGH,
>*Petitioner,*

v.                                                           20-1518
                                                             NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
>*Respondent.*

_____

FOR PETITIONER:              Sanjay Chaubey, Law Offices of Sanjay Chaubey, New York, NY.

FOR RESPONDENT:              Bryan Boynton, Acting Assistant Attorney General; Russell J.E.

Verby, Senior Litigation Counsel; John D. Williams, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gurbrinder Singh, a native and citizen of India, seeks review of an April 13, 2020 decision of the BIA affirming a June 28, 2018 decision of an Immigration Judge ("IJ"), denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gurbrinder Singh,* No. A205 935 314 (B.I.A. Apr. 13, 2020), *aff'g* No. A205 935 314 (Immig. Ct. N.Y.C. June 28, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the BIA's and IJ's opinions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). Because Singh did not challenge the IJ's denial of his asylum claim as time barred before the BIA, and does not challenge that finding before us, his asylum claim is unexhausted and waived. *See Karaj v. Gonzales*, 462 F.3d 113, 119–20 (2d Cir.

2

2006) (exhaustion); *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (waiver of claims). Accordingly, only the denial of withholding of removal and CAT relief are before us. The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (holding that adverse credibility determinations are reviewed under a substantial evidence standard); *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) (reviewing factual findings for substantial evidence and questions of law de novo).

## I. Adverse Credibilty Determination

As an intial matter, Singh argues that the IJ's consideration of an arrest for selling alcohol to a minor that he testified to at the hearing tainted the adverse credibility determination. However, the IJ did not cite the arrest as a reason for the adverse credibility finding. Singh has otherwise abandoned any challenge to the adverse credibility determination by failing to challenge the actual

3

findings underlying it. *See Yueqing Zhang*, 426 F.3d at 541 n.1, 545 n.7.

Nonetheless, substantial evidence supports the adverse credibility determination. "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

Singh alleged that he was assaulted and injured by members of a rival political party. The IJ reasonably relied on inconsistencies between Singh's answers during his credible fear interview and his hearing testimony about the

4

alleged assaults. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). At the interview, Singh stated that during the first incident 15 people attacked and "stabbed" him while he was hanging posters, which left him with "[t]he normal injuries, bruises." Singh also stated that, during a second incident, he was hanging posters and ran away before a crowd with baseball bats could reach him. In contradiction to these statements, Singh testified at his hearing that he did not suffer any injuries during the first incident and that he was severely beaten with baseball bats during the second incident. He also testified that he sought medical attention for a broken foot after the second incident but did not mention that injury or treatment during the interview.

These discrepancies constitute substantial evidence for the adverse credibility determination because they concern the only allegations of past persecution. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that a "material inconsistency" regarding alleged past persecution was substantial evidence for an adverse credibility determination (citation omitted)); *see also Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a

5

single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence."). Thus, Singh has failed to demonstrate that no reasonable fact-finder could make an adverse credibility finding. The adverse credibility determination was dispositive of Singh's claim for asylum as well as withholding of removal and CAT relief because both forms of relief were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

## II. <u>Alleged Bias and Due Process</u>

At the hearing, the IJ asked Singh if he had ever been arrested in the United States and Singh admitted that he had been arrested for selling alcohol to a minor. Singh suggests that this information affected the IJ's decision and that the BIA compounded the IJ's misunderstanding of his criminal record when it referred to his "convictions."

To the extent Singh raises a due process claim, he has not shown the requisite prejudice. "To establish a violation of due process, an alien must show that []he was denied a full and fair opportunity to present h[is] claims or that the IJ or BIA otherwise deprived h[im] of fundamental fairness." *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (citation and quotation marks omitted). "Parties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process." *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (citation and quotation marks omitted). Singh did not show prejudice here because neither the IJ nor the BIA relied on his criminal history (actual or mistaken) as part of the adverse credibility determination.

Singh's argument that the IJ wrongly excluded his documentary evidence that the charge was dismissed also fails. The BIA considered the evidence he presented and concluded it was not relevant to the adverse credibility determination. Moreover, the IJ did not err in excluding other evidence submitted to corroborate the asylum claim because Singh submitted it on the day of the hearing in June

7

2018, well after the March 2017 deadline for evidence that the IJ set in 2014.  *See Dedji v. Mukasey*, 525 F.3d 187, 192 (2d Cir. 2008) (holding that "IJs are accorded wide latitude in calendar management" (citation omitted)).  Given that Singh had more than two years to obtain and file evidence, he has not shown that the IJ prevented him from presenting his case.  *See id.*

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8